UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MELAINE R. WILSON,<br>Plaintiff<br><br>vs.<br><br>DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS-WASHINGTON, D.C., BUREAU OF INDIAN AFFAIRS-PINE RIDGE AGENCY, OGLALA SIOUX TRIBE, LAND OFFICE, OGLALA SIOUX TRIBE, PINE RIDGE BIA REALTY, OGLALA SIOUX TRIBE LAND COMMITTEE FOR RESIDENTIAL AND BUSINESS LEASES | 5:23-cv-5027<br><br>MEMORANDUM OPINION<br>AND ORDER |

Pending before the Court are Plaintiff's Complaint, (Doc. 1), Motion to Proceed in Forma Pauperis, (Doc. 7), and Motion to Appoint Counsel, (Doc. 4). She names as Defendants the Department of Interior, Bureau of Indian Affairs-Washington, D.C., Bureau of Indian Affairs-Pine Ridge Agency, Oglala Sioux Tribe Land Office, and Oglala Sioux Tribe. (Id., PgID 1). She also includes Pine Ridge BIA Realty and Oglala Sioux Tribe Land Committee for Residential and Business Leases. (Id., PgID 2). Plaintiff states this lawsuit is related to another that she filed, 5:22-cv-5094.

1

## I. Motion for Leave to Proceed In Forma Pauperis

28 U.S.C. §1915(a)(1) directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. A person may be permitted to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets" the person possesses, and also states "that the person is unable to pay such fees or give security therefore." *Id.* The Eighth Circuit has established parameters for addressing in forma pauperis motions and has instructed that a petitioner's financial status should be evaluated first, and screening under 28 U.S.C. § 1915 should follow. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). The court has recognized that the applicant need not establish "absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). See also *Babino v. Janssen & Son*, 2017 WL 6813137, at *1 (D.S.D. 2017). The District Court's task is to determine whether the plaintiff's allegation of poverty is true, and that determination is within the court's discretion. *Lee*, 231 F.3d at 459.

Plaintiff has submitted sufficient documentation to establish that she should be permitted to proceed in forma pauperis. As was the case in her other lawsuits, (5:22-cv-5094, 5:22-cv-5097, 5:22-cv-5095, 5:22-cv-5091 and 5:23-cv-5041), Plaintiff reports income in the form of military retirement and disability payments. (Doc. 7). Her household expenses are significant. In addition, she reports over

$114,000 in student loan debt, which the Court notes did not appear in most of her previous filings. The Court finds Plaintiff is indigent within the meaning of § 1915(a)(1). This is consistent with the Court's determination of in forma pauperis status in Plaintiff's previous lawsuits. The Court's finding means her claims will be screened pursuant to 28 U.S.C. § 1915(e).

## II. Screening pursuant to 28 U.S.C. § 1915(e)

### A. Legal Standard

A proceeding in forma pauperis is governed by 28 U.S.C. §1915(e) which provides:

> (2) Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that-- . . .
>   (B) the action or appeal—
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

This provision allows the court sua sponte to review a complaint filed with an in forma pauperis application to determine if the action warrants dismissal. In screening plaintiff's pro se complaint, the court must liberally construe it and assume as true all facts well pleaded in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337

3

(8th Cir. 1985). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 675. If it does not contain these bare essentials, dismissal is appropriate. The court is not required to construct legal theories for the plaintiff to enable the case to proceed. *Marglon v City of Sioux Falls Police Dept.*, 2020 WL 906521, *2 (D.S.D. 2020) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## B. Plaintiff's allegations

Plaintiff begins her complaint by asserting she wants the Department of Interior to "investigate and prosecute" for the Oglala Sioux Tribe under "the 'Bad White Man' Clause against DOI, BIA and Oglala Sioux Tribe Land Committee." (Doc. 1, PgID 1). She continues, "I have spent more than 10 years driving back and forth" to the local BIA Realty Office and tribal Land Committee "to get

several land issues accomplished." (Id., PgID 3). She lists land consolidation, partitions, her desire for lifetime residential leases for herself and her children, business lifetime leases, and replacement of topsoil on a tract of land. (Id.). She asks for $550,000 in damages. (Id., PgID 4).

Her lengthier complaint sets forth a number of questions and then lists a "timeline of current Pine Ridge Indian Reservation Trust Lands" as she understands them. The timeline begins in 1865 with a reference to *Dred Scott v. United States*, (doc. 1-1, PgID 477), and includes 62 paragraphs describing national events and her personal experiences. She identifies three events in 1972, 1973, and 1999, which are protests revealing that there is "intergenerational information and intergenerational strategy" enabling various workers and tribal council members to steal "the majority of current fee lands" in Oglala and Jackson counties of the reservation. (Id., PgID 478). She asserts that "thousands of acres" have been "stolen" by "Pine Ridge BIA Realty and Oglala Sioux Tribe Council." (Id., PgID 482).

She requests substantial remedies, including land consolidation; land partition; adoption of Six Sigma processes for certain activities; dissolution of BIA Pine Ridge Agency; moving the Red Cloud Indian Building and construction of a new building for $150 million; online access for enrolled members to a plat map of the Pine Ridge Reservation; transparency; business building for the tribe's veterans

for a personal value of $100,000; and business building personal damages to Plaintiff of $400,000. (Id., PgID 484-85). She claims the Defendants have damaged her for a 10-year period for a total of $550,000. Plaintiff includes many attachments, including her complaint to the Department of Interior, letter to President Biden, original plat map of Pine Ridge, and other documents. The list of attachments is at Doc. 1-1, PgID 486.

**C. Analysis**

As the Court has recognized, including in prior lawsuits filed by Plaintiff, many restrictions on federal court intervention in the internal affairs of tribes are firmly in place. See, e.g., *Sac & Fox Tribe of the Mississippi in Iowa, Election Board v. Bureau of Indian Affairs*, 439 F. 3d 832, 835 (8th Cir. 2006) (noting that jurisdiction to resolve "internal tribal disputes" is in the tribe and not in federal district court); *Wright v. Langdeau*, 158 F.Supp.3d 825, 836 (D.S.D. 2016); *Montgomery v. Flandreau Santee Sioux Tribe*, 2006 WL 482479, *5 (D.S.D. 2006). Tribal law and policy are matters to be determined by the tribe in the first instance. *Sac & Fox Tribe*, 439 F.3d at 835. Therefore, when an individual tribal member seeks federal court intervention in what appears to be a matter of internal tribal policy, the court proceeds with caution. As one court recently explained, federal question jurisdiction is not created simply because "a case involves an Indian party or contract or tribal or individual Indian property, or … arises in

Indian country." *Whalen v. Oglala Sioux Tribe Executive Officers*, 2021 WL 4267654, *2 (D.S.D. 2021) (quoting COHEN'S HANDBOOK OF FEDERAL INDIAN LAW § 7.04[1][a] (Nell Jessup Newton ed., 2012)). In this case, as discussed below, Plaintiff's lawsuit must be dismissed for at least three reasons: tribal sovereign immunity, standing, and failure to meet pleading requirements.

1. Tribal Sovereign Immunity

Tribal sovereign immunity has been recognized as a significant aspect of tribes' status as sovereigns. *Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 788 (2014); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) (holding that tribes possess "common-law immunity from suit traditionally enjoyed by sovereign powers"). This immunity is viewed as "a necessary corollary to Indian sovereignty and self-governance." *Bay Mills*, 572 U.S. at 788 (quoting *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P.C.*, 476 U.S. 877, 890 (1986)). Suits may be brought against tribes if the tribe waives its immunity or Congress abrogates it. *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991); *Stanko v. Oglala Sioux Tribe*, 916 F.3d 694, 696 (8th Cir. 2019) (citing *Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 685 (8 Cir. 2011)). Any waiver of tribal sovereign immunity must be "unequivocal." *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir. 1995).

In the context of a lawsuit brought in federal court, "sovereign immunity is a jurisdictional question." *Rupp*, 45 F.3d at 1244 (citing *Puyallup Tribe, Inc. v. Washington Game Dep't*, 433 U.S. 165, 172 (1977)). The upshot is that, if the Tribe possesses sovereign immunity, the district court "has no jurisdiction." *Puyallup*, 433 U.S. at 172; *Rupp*, 45 F.3d at 1244. Furthermore, a federal court must assess whether it has jurisdiction as a threshold matter in every case. *Oglala Sioux Tribe v. Schwarting*, 894 F.Supp.2d 1195, 1198 (8th Cir. 2012) (quoting *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011)).

Plaintiff's claims have been filed against the Oglala Sioux Tribe, Oglala Sioux Tribe Land Office, and Oglala Sioux Tribe Land Committee for Residential and Business Leases. There is no possible dispute that these entities are the governing body of the Oglala Sioux Tribe or its subdivisions. When members of the governing body or its subdivisions perform their assigned duties, they act in their official capacities. See generally, *Whalen*, 2021 WL 4267654, *3 (D.S.D. 2021) (discussing role of Oglala Sioux Tribe Election Commission). As a result, the Oglala Sioux Tribe is immune from suit and its subdivisions are as well. See, e.g., *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043 (8th Cir. 2000) (immunity extended to tribal college); *Stathis v. Marty Indian School Board Inc.*, 560 F.Supp.3d 1283, 1291 (D.S.D. 2021) (noting that "a tribe's sovereign immunity may extend to a tribal entity or agency").

8

The tribe and its subdivisions enjoy sovereign immunity unless Congress has abrogated the immunity or the tribe has waived it in the context of this lawsuit. The Court is aware of no such abrogation or waiver and Plaintiff supplies no evidence of either. The sovereign immunity of the Oglala Sioux Tribe remains in place with respect to this lawsuit, meaning this Court lacks subject matter jurisdiction. The Court has the authority under Rule 12(h) to dismiss before service if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h). See *Goodface v. Lower Brule Sioux Tribe 2020 Election Board*, 2020 WL 5017352, *1 (D.S.D. 2020) (citing *Evans v. Suter*, 2010 WL 1632902, *1 (D.D.C. 2010) (collecting cases)). Therefore, Plaintiff's claims against the Oglala Sioux Tribe, the Oglala Sioux Tribe Land Office, and Oglala Sioux Tribe Land Committee for Residential and Business Leases are dismissed for lack of jurisdiction.

2. Standing

The United States Supreme Court has set forth the requirements for Article III standing in numerous cases. The "irreducible constitutional minimum of standing" is that a plaintiff must have suffered an "injury in fact," meaning, invasion of a legally protected interest; "there is a causal connection between the injury and the conduct complained of"; and the injury can be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). See also *Department of Commerce v. New York*, ___ U.S. ___, 139 S.

Ct. 2551, 2565, 204 L.Ed.2d 978 (2019) (in a dispute over a citizenship question on the 2020 census, states had standing, given the potential impact on their representation in Congress). As numerous courts have held, if a plaintiff lacks standing, the district court does not have subject matter jurisdiction. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 79 (2013). See also *Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002) (reversed on other grounds); *Yankton Sioux Tribe v. U.S. Army Corps of Engineers,* 2005 WL 2429799, *2 (D.S.D. 2005).

In addressing a challenge to tribal election procedures, the Eighth Circuit reiterated its "obligation" to examine standing, and cited its formulation of the rule that "a plaintiff must have suffered an injury in fact that is fairly traceable to the defendant's challenged action, and it must be likely that the injury will be redressed by a favorable judicial decision." *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022) (quoting *Hawse v. Page*, 7 F.4th 685, 688 (8th Cir. 2021)). The court added that "a 'generalized grievance' does not count as an Article III injury." *Id.* (citing *Carney v. Adams,* 592 U.S. ___, 141 S,Ct. 493, 499 (2020)). The court concluded the plaintiff lacked standing to challenge a tribal residency requirement for public office because he did not allege that he intended to pursue an office. *Id.*

As noted above, Plaintiff has sued federal agencies including the Department of Interior, Bureau of Indian Affairs-Washington, D.C., Bureau of Indian Affairs-

Pine Ridge Agency, and Pine Ridge BIA Realty. (Doc. 1, PgID 1-2). It is clear the Defendants Department of Interior and Bureau of Indian Affairs, both at the local and national levels, would not be responsible to pay Plaintiff the financial compensation she has demanded, or to move or construct buildings. Plaintiff has submitted a lengthy list of generalized grievances and has failed to allege a plausible injury in fact by Defendants that is redressable by this Court. The Court finds Plaintiff lacks standing in this action, which deprives the Court of jurisdiction. Therefore, Plaintiff's claims are dismissed.

Furthermore, as noted above, Plaintiff has filed a complaint with the Department of Interior Inspector General and Bureau of Indian Affairs which apparently remains unresolved. (Doc. 1-2, PgID 30). At this juncture, Plaintiff's claim against the agencies in this lawsuit is not ripe for resolution and is therefore dismissed. *Metzger v. Village of Cedar Creek, Neb,* 370 F.3d 822, 823 (8th Cir. 2004) (court lacks subject matter jurisdiction over claim that is not ripe, meaning a final decision on the claim has not been made).

3. Pleading in accordance with F.R.C.P. 9

Because Plaintiff has alleged that tribal council members and BIA realty workers, have stolen "thousands of acres," she has alleged serious fraud by tribal leaders and tribal members. (Doc. 1-1, PgID 478, 482). When a plaintiff alleges fraud, the requirements of F.R.C.P. 9(b) must be met. The Rule provides that "a

11

party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Pleading the fraud with particularity means the plaintiff must supply sufficient information about the fraudulent conduct to enable the defendant to "respond specifically and quickly" to defend against the allegations. *United States ex rel Strubbe v. Crawford Cnty. Mem. Hosp.*, 915 F.3d 1158, 1163 (8th Cir. 2019). As the court described the requirements in affirming the dismissal of a fraud claim, "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 898 (8th Cir. 2014) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir.2006)). The Eighth Circuit has noted in several cases that this means the plaintiff must plead "the who, what, where, when, and how" of the allegations of fraud. See, e.g., *Ascente Business Consulting, LLC v. DRmyCommerce*, 9 F.4th 839, 845 (8th Cir 2021); *Ambassador Press, Inc. v. Durst Image Tech., U.S., LLC*, 949 F.3d 417, 421 (8th Cir. 2020); *Joshi*, 441 F.3d at 556.

Plaintiff theorizes that Oglala Sioux Tribe leaders and workers, "collectively as a monopoly," have engaged in an "intergenerational strategy" and "intergenerational information sharing" resulting in their having "stolen the

majority" of "current fee lands in Oglala County, and Jackson County of the Pine Ridge Reservation." (Doc. 1-1, PgID 478). These allegations are serious but are not supported with anything approaching the "who, what, where, when, and how" standard of *Ascente*. 9 F. 4th at 845. Plaintiff's statements alleging misuse of "a myriad of patterns of administrative tools" to accomplish the thefts do not supply the necessary foundation for her claims of fraud. (Id.). Therefore, Plaintiff's claims against the tribal Defendants are dismissed based not only on sovereign immunity but also because of failure to comply with Rule 9(b).

Plaintiff has not supplied sufficient justification for the appointment of counsel and her motion for appointment of counsel is denied. (Doc. 4).

**Conclusion**

The Court lacks jurisdiction in this case based on sovereign immunity and lack of standing. That is, tribal sovereign immunity requires that the Court dismiss Plaintiff's claims against the Oglala Sioux Tribe, Oglala Sioux Tribe Land Office, and Oglala Sioux Tribe Land Committee for Residential and Business Leases. Furthermore, Plaintiff does not have standing in this case to pursue a lawsuit against the Department of Interior and Bureau of Indian Affairs, including both the national and local offices. As a final matter, Plaintiff has failed to supply sufficient facts in connection with her claims of fraud to enable this lawsuit to proceed. She alleges that tribal employees have engaged in widespread fraud for decades,

resulting in the theft of thousands of acres of tribal land. She suggests theories to bolster her claims but does not meet the requirements of Rule 9(b)'s requirement to plead the alleged fraud with particularity.

Accordingly, IT IS ORDERED

1. that Plaintiff's motion to proceed in forma pauperis is granted, (Doc. 7);

2. that Plaintiff's motion for appointment of counsel is denied, (Doc. 4);

3. that Plaintiff's claims against the Department of Interior, Bureau of Indian Affairs-Washington, D.C., Bureau of Indian Affairs-Pine Ridge, Oglala Sioux Tribe, Oglala Sioux Tribe Land Office, Pine Ridge BIA Realty, and Oglala Sioux Tribe Land Committee for Residential and Business Leases are dismissed without prejudice, (Doc. 1, 1-1).

Dated this 2nd day of August, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

Matthew Thelen